UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN SCOTT HULBERT,<br><br>Plaintiff,<br><br>v.<br><br>F. LECKIE, et al.,<br><br>Defendants. | No. 2:22-cv-0082 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 6. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Also before this court are plaintiff's two motions for temporary restraining orders ("TROs") and two requests for hearings on the motions. ECF Nos. 3, 9-11.

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted, and he will be directed to file a first amended complaint. In addition, it will be recommended that plaintiff's motions for temporary restraining orders ("TRO") and his requests for hearings on them be denied.

I.   APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

1

1915(a). ECF No. 2, 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. THE COMPLAINT

In a twenty-three-page complaint printed in smaller than average, difficult to read handwriting, plaintiff identifies thirty-eight defendants at three different prisons[1] (ECF No. 1 at 1-5), and he raises eight confusing and often overlapping claims[2] (id. at 6-22). The claims are: (1) violations of plaintiff's rights under the Americans with Disabilities Act ("ADA") in 2019 stemming from some defendants' failure to accommodate him in the dining halls and showers; (2) failure to provide ADA compliant shower and dining hall accommodations and related retaliation during the multiple, unrelated incidents identified in Claim One; (3) discrimination in December

---

[1] Plaintiff names employees at California State Prison – Sacramento ("CSP – Sacramento"), Mule Creek State Prison ("MCSP"), and Corcoran State Prison ("Corcoran") as defendants in this action. ECF No. 1 at 1-5. The California Department of Corrections and Rehabilitation ("CDCR") is also named as a defendant. Id. at 5.

[2] The court has neither the time nor the resources to attempt to parse out each individual claim and identify the specific defendants against whom plaintiff is alleging them. When stating his claims, it is plaintiff's responsibility to present short and plain statements to the court so that it can quickly identify and assess their viability. See McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

2019 based upon plaintiff's ADA status when certain defendants issued a rules violation report against him for leaving his tray on the table despite his inability to carry it after surgery; (4) deliberate indifference to personal safety and cruel and unusual punishment in September 2019 when some defendants failed to protect plaintiff from his aggressive cellmate and when some defendants issued him a false RVR related to a separate March 2019 fighting incident:[3] (5) violation of plaintiff's right to be free from retaliation when in January 2020, one defendant wrote plaintiff up for having a verbal dispute with him and another defendant subsequently sent him to administrative segregation; (6) denial of due process starting in March 2020 related to some defendants' failure to permit plaintiff to be present during meetings related to his administrative segregation unit placement; (7) deliberate indifference to serious medical need when in August 2020, some defendants failed to treat plaintiff's nerve pain, failed to issue him a cane, and changed his disability placement code which would have required his transfer to a different prison,[4] and (8) failure to safeguard plaintiff's property when in October 2021, one defendant placed him in a holding cell for several hours without first allowing him to pack up his property, which resulted in property loss. Id. at 6-22.

Plaintiff seeks a declaration that defendants violated his constitutional rights as well as compensatory and punitive damages. ECF No. 1 at 23. He also asks for the costs of suit, reasonable attorney's fees, and any other relief that the court deems just and proper. Id.

IV.   DISCUSSION

Plaintiff must file an amended complaint. As currently written, the pleading presents claims about multiple, unrelated incidents against multiple, unrelated defendants. Unrelated claims against unrelated parties may not be brought in a single action. Fed. R. Civ. P. 20(a)(2)(A) (stating same transaction or occurrence requirement); see generally Owens v. Hinsley, 635 F.3d

---

[3] In the same claim, plaintiff also alleges that after an assault by his cellmate that occurred in October 2021, some defendants failed to make certain that he received medical treatment for his injuries. ECF No. 1 at 14.

[4] In Claim Seven, plaintiff also contends that in November 2021, some defendants improperly placed him on suicide watch after he had gone on a hunger strike. ECF No. 1 at 20-21. He states that as a result of the improper placement, he was without his property for several days, and he was removed from his mental health groups. Id. at 21.

950, 952 (7th Cir. 2011) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.")).

Additionally, the overlap of facts and arguments in the claims contributes to the overall confusion of the complaint, and it prevents the court from quickly determining which if any of plaintiff's claims are viable. Screening a complaint with eight claims stated against thirty-eight defendants from three different prisons about unrelated events that occurred over the course of two or three years would require the court to spend an extended amount of time sorting through the instant complaint, identifying what could be several viable, but unrelated claims, and then requiring plaintiff to proceed solely on them. This court cannot do that. It is in the interests of both the court and the parties to dispose of cases in an efficient manner. See Fed. R. Civ. P. 1 (stating "just, speedy, inexpensive determination" of proceedings directive). Accordingly, at this stage of the proceedings, it is plaintiff's responsibility to file the requisite "short and plain statement[s]" that the law requires. See Fed. R. Civ. P. 8(a)(1), (d)(1); see also McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (noting plaintiff, not court, has obligation to prepare short and plain statements in complaint). A plaintiff's failure to satisfy Rule 8's brevity and plainness requirement could result in his matter being dismissed with prejudice. See, e.g., Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) (citations omitted).

For these reasons, the court is unable to conduct a substantive screening of plaintiff's complaint as required per statute. See 28 U.S.C. § 1915A. Therefore, plaintiff will be required to file an amended complaint.

V. REQUESTS FOR TEMPORARY RESTRAINING ORDERS AND HEARINGS

A. TRO Motions

Plaintiff has filed two motions for TROs. ECF Nos. 3, 9. The first motion asks the court to prevent defendants from clearing him for a double cell and to prevent his transfer to any other Level Four facility until this matter is resolved. ECF No. 3 at 1-2. He contends that being required to double cell or being transferred to another Level Four facility would constitute retaliation by defendants and would constitute deliberate indifference to his safety. Id. at 1. In support of the motion, plaintiff states, in relevant part, that in the past few years, he has been

5

assaulted by several inmates at different Level Four prisons.  Id. at 2, 7.  Plaintiff also states that he fears that his treatment by specific medical care workers at other prisons will put his health and safety at risk.  Id. at 3, 5, 7.  Plaintiff's second motion raises the same concerns and allegations.  See generally ECF No. 9.

### B  Applicable Law

A temporary restraining order is an extraordinary measure of relief.  When determining whether a TRO should issue, the court considers: (1) the likelihood that the moving party will prevail on the merits; (2) whether the balance of irreparable harm favors the plaintiff, and (3) whether the public interest favors the moving party.  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008); Bernhardt v. Los Angeles County, 339 F.3d 929, 925 (9th Cir 2003) (citing Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988)).

### C.  Analysis

In this case, because plaintiff has failed to present a complaint that is suitable to proceed, he cannot prevail on the merits of this case.  Moreover, plaintiff has failed to show that actual harm to him is likely to occur were he to be double celled or transferred to another Level Four prison, in large part because he has no idea with whom he would be double celled or where he would be transferred.  Restraining orders cannot issue based on speculative harm.  See generally Caribbean Marine Servs. Co., 844 F.2d at 674; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984) (stating speculative injury does not constitute irreparable harm).

Finally, prisoners have no constitutional right to a particular classification status.  Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citations omitted).  Moreover, an inmate has no justifiable expectation that he will be incarcerated in any particular prison.  Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976) (stating Due Process Clause does not protect inmate from transfer to another prison).  Prison officials may change an inmate's place of confinement even though prison life may be more disagreeable in one institution than in another.  Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Olim).  For these reasons, plaintiff's TRO motions must be denied.

////

VI.   LEAVE TO AMEND

Because plaintiff may be able to allege facts and/or provide information to remedy the above-mentioned deficiencies, he will be given the opportunity to amend his complaint. Since most of the claims do not appear to be related, plaintiff must determine which claims – if any – are sufficiently related to be properly joined. He can then raise those claims in this action. The other claims must be pursued in separate cases.

When amending the complaint, plaintiff must provide a ***brief*** summary of facts that supports whichever of his related ADA, First, Eighth, and Fourteenth Amendment claims he wishes to pursue in this action. He must demonstrate how the conditions about which he complains resulted in a deprivation of his ADA and/or constitutional rights. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must identify each defendant by name and with specificity, as well as allege in specific terms how each one is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Arnold, 637 F.2d at 1355; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d at 268 (citations omitted) (brackets added).

At the same time, however, the federal rules contemplate brevity. Specifically, the amended complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

7

Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VII.  PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your complaint cannot be screened because it is too confusing. It is hard to read, and at times, it is repetitive. More importantly, the claims in the complaint overlap, and based on the dates of the incidents in question, as well as where they occurred, most of them do not appear to be sufficiently related to one another to be considered in one case.

When filing your amended complaint these issues must be fixed. If they are not, the court may recommend that your case be dismissed.

As for your motions for TROs and requests for hearings on them, you have no constitutional right to have a certain type of cell, nor do you have a constitutional right not to be transferred to another prison. Additionally, the irreparable harm that you fear you will face in a double cell and/or at a different Level Four prison is speculative. For these reasons, it is recommended that the TRO motions be denied and that the related motions for hearings also be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall:
   a. Randomly assign a District Judge to this action, and
   b. Send plaintiff a copy of this court's Civil Rights Complaint By A Prisoner form.
2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.
3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

    4.  Within thirty days from the date of this order, plaintiff shall file a first amended complaint.

In addition, IT IS RECOMMENDED that:

    1.  Plaintiff's two motions for temporary restraining orders (ECF Nos. 3, 9) be DENIED, and

    2.  Plaintiff's two requests for hearings on his two motions for temporary restraining orders (ECF Nos. 10, 11) be DENIED as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 29, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE