UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN SCOTT HULBERT,<br><br>       Plaintiff,<br><br>  v.<br><br>F. LECKIE, et al.,<br><br>       Defendants. | No.  2:22-cv-00082 AC<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.

I.  Statutory Screening of Prisoner Complaints

As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

1

theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

II. Amended Complaint

Plaintiff is a disabled inmate at Mule Creek State Prison based on his mobility impairments and mental disabilities. Plaintiff names 10 individual correctional officers as well as the California Department of Corrections and Rehabilitation ("CDCR") as defendants in this action.

In Claim One, plaintiff alleges that between July and September 2019 he was intentionally discriminated against in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") when his requests for accommodation in the dining hall and in the shower facilities were denied.

In Claims Two and Three, plaintiff alleges that he was retaliated against and discriminated against by defendants' verbal harassment when denying him the accommodations for his disability referenced in Claim One.

In Claim Four, plaintiff raises an unrelated Eighth Amendment failure to protect claim based on his assault by two inmates on September 4, 2019.

Claim Five alleges a First Amendment retaliation claim based on the filing of false disciplinary reports by defendant Gosai in January and February 2020 to attempt to dissuade plaintiff from pursuing appeal remedies and his disability advocacy efforts. ECF No. 19 at 14.

Lastly, in Claim Six, plaintiff asserts supplemental state law claims based on violations of the Ralph Civil Rights and Tom Bane Civil Rights Acts by defendants Stinson, Hoppis, Vang, Snyder, and Covello.

III. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has sufficiently alleged ADA and RA violations by the CDCR related to the denial of

1 accommodations in the dining hall and shower facilities between July through September 2019 at
2 Mule Creek State Prison as alleged in claim one.

    IV.    <u>Failure to State a Claim</u>

Plaintiff cannot bring claims under the ADA and RA against defendants in their individual capacities. <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156 (9th Cir. 2002) (emphasizing that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a state official in her individual capacity to vindicate rights created by Title II of the ADA.")). Therefore, Claim One does not state a separate ADA or RA violation by defendants Stinson, Betinis, Hoppis, Vang, Weiss, Gosai, Ramme, Snyder, Holmes or Covello. Nor does Claim Three present a separate discrimination claim against these individually named defendants for their denial of disability accommodations.

To the extent that the amended complaint asserts ADA and RA violations against individual defendants in their official capacity, these claims are redundant to the claims against the CDCR. <u>See</u> ECF No. 19 at 3 (indicating that plaintiff is suing defendants 1-10 in their individual and official capacities). Although a plaintiff may pursue ADA claims against defendants in their official capacities, "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." <u>Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't</u>, 533 F.3d 780, 799 (9th Cir. 2008). This reasoning applies equally to state entities and their officers. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985) ("Official-capacity suits... generally represent only another way of pleading an action against an entity of which an officer is an agent." (citation and internal quotation marks omitted)). Accordingly, because plaintiff has named the CDCR as a defendant, plaintiff's official capacity ADA and RA claims against any individual defendants should not proceed to service.

Claim Two does not state a claim for relief based solely on verbal harassment by defendants Hoppis, Vang, and Snyder. Plaintiff is informed that mere threats or verbal insults which include vulgar language normally do not amount to an actionable constitutional violation. <u>See</u> <u>Somers v. Thurman</u>, 109 F.3d 614, 622 (9th Cir. 1997) (stating that "the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons" of

which "we do not approve," but which do not violate the Eighth Amendment).

Moreover, the review of inmates grievances on this issue by defendants Weiss and Covello do not state a claim against them. The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

Claim Four does not state an Eighth Amendment claim because plaintiff does not identify the correctional officers who witnessed his assault by other inmates in 2020, but failed to protect him. To the extent that this claim is based on the failure of defendants Stinson and Betinis to authorize a cell move, plaintiff was not assaulted by his cell mate. Moreover, any such Eighth Amendment claim would be improperly joined to the present action asserting ADA and RA violations. In the court's prior screening order, plaintiff was advised that joinder of defendants is only permitted if "any right to relief is asserted against them... with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). In other words, joining multiple defendants in one complaint is only proper when the claims against them are based on the same facts. In this case, disability accommodations and a physical assault are not based on the same facts. Therefore, Claim Four is improperly joined to the present case even if there were sufficient facts to state an Eighth Amendment failure to protect claim.

Claim Five against defendant Gosai does not state a First Amendment retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). Plaintiff does not allege that his First Amendment rights were chilled by defendant Gosai's conduct or that there was no legitimate correctional goal advanced by defendant's actions. For these reasons, the amended complaint fails to state a retaliation claim.

Plaintiff may not proceed on the supplemental state law claims asserted in Claim Six because he has not alleged compliance with the California Government Claims Act ("CGCA"). See Cal. Gov't Code § 945.4. In order to present a state law claim in this court, plaintiff must first show that he has complied with the CGCA. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988); Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff has not made that showing in his amended complaint.

V.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims as alleged in Claims Two through Six. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendant CDCR on his ADA and RA violations alleged in Claim One, dismissing other claims and defendants, *or* he may file a second amended complaint to attempt to cure the deficiencies with respect to the remaining claims.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to file a second amended complaint, he will be given further time to do so. If plaintiff elects to proceed immediately on his claims against defendant CDCR without amending the complaint, the court will proceed to serve the complaint. A

decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of Claims Two through Six.

VI. Standards Governing Amended Complaints

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the amended complaint state claims against the defendants and some do not. You have a choice to make. **You may either (1) proceed immediately on the ADA and RA violations against the CDCR and voluntarily dismiss Claims Two through**

**Six; or (2) try to amend the complaint again to fix the problems described in this order.** If you want to go forward without amending the complaint, you will be voluntarily dismissing Claims Two through Six.

You must complete the attached notification form showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Claims Two through Six against defendants Stinson, Betinis, Hoppis, Vang, Weiss, Gosai, Ramme, Snyder, Holmes, and Covello do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately and solely on the ADA and RA violations in Claim One against defendant CDCR as set forth in Section III above, or he may file a second amended complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of Claims Two through Six.

DATED: April 18, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN SCOTT HULBERT,<br><br>           Plaintiff,<br><br>   v.<br><br>F. LECKIE, et al.,<br><br>           Defendants. | No. 2:22-cv-00082-WBS-AC<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on Claim One (violation of the ADA and RA) against defendant CDCR only, without amending the complaint.  Plaintiff understands that by choosing this option he is voluntarily dismissing Claims Two through Six and all defendants other than CDCR pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:_____

                                                        Darren Scott Hulbert
                                                        Plaintiff pro se